IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY, | |
| Plaintiff, | |
| VS. | Civil Action No.: _____ |
| | (Jury Demand) |
| RLP PARTNERS, LLC and FIRST-CITIZENS BANK & TRUST COMPANY d/b/a FIRST CITIZENS, | |
| Defendants. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes now the Plaintiff, Westfield Insurance Company (hereinafter "Westfield"), and sues Defendants, RLP Partners, LLC (hereinafter "RLP"), First Citizens Bank & Trust Company d/b/a First Citizens, (hereinafter "Bank") pursuant to Rule 57 of the *Federal Rules of Civil Procedure* and Title 28, *U.S.C.* § 2201, *et seq.*, and shows the Court:

### Jurisdiction

1. The jurisdiction of this Court is predicated on diversity of citizenship, Title 28, § 1332(a)(1). The amount in controversy exceeds the sum of Seventy-five Thousand Dollars ($75,000).

### Parties

2. The Plaintiff is a foreign corporation incorporated under the laws of the State of Ohio with its home office and principal place of business at One Park Circle, P.O. Box 5001 Westfield Center, Ohio 44251.

3. The Defendant, RLP Partners, LLC (RLP) was, at the time of the loss in question, a limited liability company formed in Tennessee and doing business in Tennessee as Quality Inn & Suites, located at 2401 Brick Church Pike, Nashville Tennessee. Upon information and belief, the members of the LLC are residents and citizens of Tennessee and California. The agent for service of process for the LLC is Puneet Mahan and can be served with process at 2401 Brick Church Pike, Nashville, Tennessee 37207-4405.

4. The Defendant First-Citizens Bank & Trust Company d/b/a First Citizens (Bank) at the time of the loss in question was a corporation formed in North Carolina, whose principal address is 4300 Six Forks Road, Raleigh, NC 27609. It can be served through its agent for service of process at CT Corporation, 150 Fayetteville St., Box 1011, Raleigh, NC 27601 and or CT Corporation System at 818 W. Seventh Street, Los Angeles, CA 90017.

## FACTS

5. Plaintiff Westfield issued to Defendant RLP [sic] an insurance Policy Number BOP 5 557 992 ("policy") subject to certain terms, conditions an exclusions covering a hotel at 2401 Brick Church Pike, Nashville, Tennessee 37207-4405. Said policy became effective for a period of one (1) year with a policy period of October 31, 2011 to October 31, 2012. The policy provided coverages in the amounts of $7,627,500.00 (building), $600,000.00 (business personal property), plus actual loss sustained (Business Income & Extra Expense.).

6. The mortgageholder on said policy of insurance is Defendant Bank.

2

Case 3:13-cv-00106 Document 1 Filed 02/08/13 Page 2 of 8 PageID #: 2

7. On or about March 2, 2012, RLP claims the roof began leaking at the hotel located in Davidson County, Tennessee causing extensive damage to the hotel and its contents.

8. On or about March 21, 2012, Plaintiff issued to Defendants RLP Partners, First Call, and First Citizen Bank a conditional advance payment on the loss for Fifty Thousand Dollars ($50,000). Plaintiff is entitled to repayment in full of the same from the Defendant RLP as Defendant RLP signed a conditional payment receipt promising full repayment of the same should it be determined that there is no coverage for the claim. In the alternative, any insurance proceeds due to Defendant Bank, should be credited for $50,000.00 against any payment for proceeds.

9. Defendant RLP has submitted a Sworn Statement in Proof of Loss to Plaintiff making a claim under the terms and conditions of aforesaid insurance policy. Defendant RLP also submitted to Examinations Under Oath as required by the policy and supplied other materials to Westfield.

10. Defendant's claim against the Plaintiff is being denied on or about February 1, 2013, or on or about the date of the filing of this action for declaratory judgment.

11. Based upon the information which Plaintiff has discovered since the time of the loss in question, Plaintiff has reason to believe that Defendant's loss resulted from the intentional cutting and tearing of a roof membrane in multiple areas willfully by the actions of a member or

3

at the direction of or in collusion with an member of RLP, with the sole intent to defraud the Plaintiff.

12. In submitting to a Sworn Statement in Proof of Loss, in giving Examinations Under Oath, and in responding to questions asked, and throughout the course of the investigation by representatives or members of RLP, in an attempt to defraud the Plaintiff, have misrepresented material facts and circumstances surrounding the insurance and the claim, including the origin of the damage to the roof, the financial status of the hotel, the amount of the losses and their knowledge of the origin of the loss; made false statements under oath concerning many of the aforementioned matters; and submitted a false Proof of Loss which failed to truthfully admit the cause of the loss. As a result of Defendant RLP's material misrepresentations, the policy of insurance with the Plaintiff is void pursuant to the contract provisions:

**SECTION III – COMMON POLICY CONDITIONS (APPLICABLE TO SECTION I – PROPERTY AND SECTION II – LIABILITY)**

. . . . .

    **C.**    **Concealment, Misrepresentation Or Fraud**
This policy is void in any case of fraud by you as it relates to this policy at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:

1. This policy;
2. The Covered Property;
3. Your interest in the Covered Property; or
4. A claim under this policy

13. Further, there is no coverage for Defendant RLP for this loss pursuant to the following provision of the policy of insurance:

4

**B. Exclusions**

2. We will not pay for loss or damage caused by or resulting from any of the following:
   \*\*\*\*\*

   f. **Dishonesty**
      Dishonest or criminal acts by you, anyone else with an interest in the property, or any of your or their partners, "members", officers, "managers", employees, directors, trustees, authorized representatives or anyone to whom you entrust the property for any purpose:

      (1) Acting alone or in collusion with others; or ;
      (2) Whether or not occurring during the hours of employment.

      This exclusion does not apply to acts of destruction by your employees; but theft by employees is not covered. With respect to accounts receivable and "valuable papers and records," this exclusion does not apply to carriers for hire.

      This exclusion does not apply to coverage that is provided under the Employee Dishonesty Optional Coverage.

14. Another portion of roof on the hotel also suffered damage not intentionally committed, but also excluded under the following policy provisions:

**B. Exclusions**

2. We will not pay for loss or damage caused by or resulting from any of the following:
   \*\*\*\*\*

   l. **Other Types of Loss**
      (1) Wear and tear;
      \*\*\*\*\*\*

5

p. **Continuous Or Repeated Seepage or Leakage of Water**
Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

15. RLP claims that the Plaintiff is indebted to them pursuant to various policy coverages in amounts far in excess of the jurisdictional limits of this court, and that the Plaintiff is obligated to pay under the terms and conditions of his policy of insurance with Westfield.

16. As a result of RLP's actions in violating the terms of the policy as herein set forth, in intentionally cutting the roof or colluding with someone to cut the roof, in the presentation of the claim; and in the misrepresentations after the loss, there exists a justifiable controversy between the parties of such immediacy that this Court must declare the respective rights of the parties.

17. Pursuant to the policy of insurance, Defendant Bank is listed both as a mortgageholder and a loss payee on the policy. As a loss payee Bank is not entitled to any insurance proceeds as it stands in the shoes of the insured; however, as a mortgageholder Bank would be entitled to a loss payment for its interest in the structure, but not for personal property or loss of business income: The policy provides as follows:

2. **Mortgageholders**

   a. The term "mortgageholder" includes trustee.

   b. We will pay for covered loss of or damage to buildings or structures to each mortgageholder shown in the Declarations in their order of precedence, as interests may appear.

c. The mortgageholder has the right to receive loss payment even if the mortgageholder has started foreclosure or similar action on the building or structure.

d. If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the mortgageholder will still have the right to receive the loss payment if the mortgageholder:

   (1) Pays any premium due under this policy at our request if you have failed to do so;

   (2) Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and

   (3) Has notified us of any change in ownership, occupancy or substantial change in the risk known to the mortgageholder.

All of the terms of this policy will then apply directly to the mortgageholder.

e. If we pay the mortgageholder for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this policy:

   (1) The mortgageholder's rights under the mortgage will be transferred to us to the extent of the amount we pay; and

   (2) The mortgageholder's right to recover the full amount of the mortgageholder's claim will not be impaired.

At our option, we may pay to the mortgageholder the whole principal on the mortgage plus any accrued interest. In this event, your mortgage and note will be transferred to us and you will pay your remaining mortgage debt to us.

******

18. Plaintiff is entitled to a $50,000.00 credit against proceeds that Defendant Bank may be entitled to for payment of loss to the structure as the conditional advance payment made to Defendant RLP, Defendant Bank and First Call was for the structure.

7

Case 3:13-cv-00106   Document 1   Filed 02/08/13   Page 7 of 8 PageID #: 7

**WHEREFORE**, Plaintiff, Westfield Insurance, respectfully prays that this Court enter judgment; 1) that the Plaintiff is not liable to the Defendant RLP; and 2) that Defendant RLP is liable to the Plaintiff in the amount of $50,000; and 3) That Defendant Bank, a loss payee is not entitled to payment; and 4) Defendant Bank as mortgagee's interest in proceeds be credited by $50,000; and 5) Plaintiff be awarded the costs in its behalf expended, and that this Court grant whatever further relief it does deem equitable and just.

Plaintiff requests a trial by jury.

**WESTFIELD INSURANCE COMPANY**

By: _____
S. Morris Hadden, BPR 000747
Counsel for Plaintiff
**HUNTER, SMITH & DAVIS, LLP**
1212 N. Eastman Road
P. O. Box 3740
Kingsport, TN 37664
(423) 378-8820; Fax: (423) 378-8801
mhadden@hsdlaw.com

8