UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WESTFIELD INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-00106 |
| | ) | Judge Sharp |
| RLP PARTNERS, LLC and FIRST-CITIZENS BANK & TRUST COMPANY d/b/a FIRST CITIZENS, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

For almost thirty years, the law in Tennessee has been that there does not exist a common law cause of action against an insurer for bad faith, and neither recent enactments by the state legislature, nor persuasive rulings by the courts have changed that law. Accordingly, Plaintiff Westfield Insurance Company's Motion to Dismiss (Docket No. 26) Defendant RLP Partners, LLC's counterclaims for common law bad faith, punitive damages and consequential and incidental damages will be granted.

## I.

According to the allegations in the pleadings, RLP Partners operated a Quality Inn and Suites located on Brick Church Pike in Nashville, Tennessee that was insured by Westfield. On March 2, 2012, the roof of the hotel began leaking, allegedly causing extensive damage. On March 21, 2012, Westfield issued RLP Partners a conditional advance payment of $50,000 towards the loss. Subsequently, Westfield allegedly determined that the loss was a result of the intentional cutting and tearing of a roof membrane by a member of RLP Partners and/or at the direction of one of its

1

members, so as to defraud Westfield. As a consequence, Westfield filed suit in this Court seeking to recoup the $50,000 paid, and a declaration that it is not required to pay any more on the loss.

RLP Partners denies the allegations in the Complaint and claims that the loss was attributable to a "severe weather event" that included "severe winds, large hail, and heavy rainfall" that damaged the hotel. It has filed counterclaims for breach of contract and common law bad faith. (Docket No. 21 at 6 ¶ 9). With regard to bad faith, RLP alleges, among other things, that Westfield failed to pay or refused to pay within a reasonable time after the claim was submitted; failed to attempt in good faith to promptly and equitably settle the claim when liability was clear; failed to reasonably investigate the claim; failed to provide an accurate explanation for denial of the claim, and engaged "in acts and practices toward RLP Partners that amount to acts of baseness, vileness, and/or depravity that are contrary to the good faith duties owed to RLP Partners." (Id. at 10 ¶ 31). RLP Partners seeks compensatory damages of not more than $2.7 million, and punitive damages of nine times that amount, or not more than $24.7 million.

## II.

In Chandler v. Prudential Ins. Co., 715 S.W.2d 615 (Tenn. App. 1986), the Tennessee Court of Appeals was presented with the then-novel question of whether "the tort of bad faith exists in Tennessee insofar as an action between an insured and its insurer is concerned." Id. at 619. Acknowledging that the law varied in other states, the court held that there was no such cause of action under Tennessee law. In doing so, the court observed that "the insurance industry is one of the most highly regulated industries in this state," with "one entire volume of Tennessee Code Annotated . . . devoted to the topic 'Insurance,'" including "what has come to be known as 'the 'bad faith penalty statute'" which provides "that *in all cases*, when a loss occurs and demand is properly

made by the policyholder, if an insurance company refuses to pay, it shall be liable not only for the amount of the loss, but also for a sum not exceeding twenty-five percent thereof." Id. at 619 & 622 (italics in original) (quoting, Tenn. Code Ann. § 56-7-105). According to the court, "the phrases 'in all cases' and 'exclusive remedy' denote the same degree of exclusiveness," and, as a consequence, there is no basis for concluding that a common law bad faith action against an insurer also exists. Id. at 622.

In the 27 years since Chandler was decided, neither the Tennessee Court of Appeals "nor the Tennessee Supreme Court has overruled or even questioned the continuing validity of Chandler," nor has either court "explicitly recognized a tort based upon an insurer's bad faith in situations covered by the bad faith penalty statute." Leverette v. Tennessee Farmers Mut. Ins. Co., 2013 WL 817230 at *18 (Tenn. Ct. App. Mar. 4, 2013). Quite the contrary, the Tennessee Court of Appeals has repeatedly confirmed Chandler's holding, just recently in Leverette, and also in cases like Warty v. Allstate Prop. & Caus. Ins. Co., 2011 WL 691802 at *4 (Tenn. Ct. App. Dec. 28, 2011), and Fred Simmons Trucking, Inc. v. U.S. Fidelity & Guar. Co., 2004 WL 2709262 at *3 (Tenn. Ct. App. Nov. 29, 2004). Federal courts applying Tennessee law, too, have confirmed that Chandler is the law in this state, including the Sixth Circuit in Persian Galleries, Inc. v. Transcon. Ins. Co., 38 F.3d 253, 259 (6th Cir. 1994), the Eastern District of Tennessee in Bowery v. Berkshire Life Ins. Co., 2013 WL 1497339 at *8 (E.D. Tenn. April 11, 2013), and this District in Cracker Barrel Old Country Store, Inc. v. Cincinnati Ins. Co., 590 F. Supp. 2d 970, 973 (M.D. Tenn. 2008).

Notwithstanding this authority, RPL Partners argues that there is a plausible bad faith claim under Tennessee common law because such "a cause of action was recognized by the Tennessee legislature in 2011 and by the Tennessee Court of Appeals in 2012." (Docket No. 28 at 4). RPL

3

Partners is mistaken.

With regard to the legislative enactment in 2011, RPL Partners relies upon Tenn. Code Ann. § 56-8-113 which it claims "makes crystal clear that common law remedies are available to a consumer in addition to the statutory bad faith penalty[.]" (Id. at 6). That subsection is a part of Title 56 – the "Unfair Trade Practice and Unfair Claims Settlement Act" – and does not provide for a private cause of action, but gives the Insurance Commissioner certain authority "to regulate trade and claims settlement practice in the business of insurance." Tenn. Code Ann. § 56-8-101(b). The Title concludes with the following:

> Notwithstanding any other law, title 50 and this title shall provide the sole and exclusive statutory remedies and sanctions applicable to an insurer, person, or entity licensed, permitted, or authorized to do business under this title for alleged breach of, or for alleged unfair or deceptive acts or practices in connection with, a contract of insurance as such term is defined in § 56-7-101(a). Nothing in this section shall be construed to eliminate or otherwise affect any:
>
> > (1) Remedy, cause of action, right to relief or sanction available under common law;
> >
> > (2) Right to declaratory, injunctive or equitable relief, whether provided under title 29 or the Tennessee Rules of Civil Procedure; or
> >
> > (3) Statutory remedy, cause of action, right to relief or sanction referenced in title 50 or this title.

Tenn. Code Ann. § 56-8-113.

Latching onto the language about the Act not barring any remedy or cause of action under common law, RPL Partners insist this must mean that the intention of the legislature was to allow a common law cause of action for bad faith. That can hardly be gleaned from the statute because it only says that "available" state common law remedies are not limited, and a bad faith cause of action against an insurer for failure to pay has not been an available cause of action in this state for

4

more than a quarter of a century. Common law causes of action against an insurer (such as breach of contract) may exist, but bad faith is not among them.

Like desperados under the eaves, RPL Partners overreaches when it claims that the Tennessee Supreme Court in Myint v. Allstate, 970 F.2d 920 (Tenn. 1998) "rejected the argument that the bad faith statute was a policyholder's exclusive remedy," (Docket No. 28 at 6), and extrapolates from that language the proposition that an insured may bring a bad faith claim under the common law based upon the insurer's refusal to pay. A common law bad faith claim was not even addressed in Myint. Rather, all that was at issue in Myint was the interplay between statutory remedies, and, particularly, whether an insured could bring a claim under the Tennessee Consumer Protection Act, with the Tennessee Supreme Court holding:

> Therefore, the mere existence of comprehensive insurance regulations does not prevent the Consumer Protection Act from also applying to the acts or practices of an insurance company. In this context, the legislature has enacted a trilogy of statutes which, on their faces, apply to unfair and deceptive insurance trade acts and practices. We consider the Insurance Trade Practices Act, the bad faith statute, and the Consumer Protection Act as complementary legislation that accomplishes different purposes, and we conclude, accordingly, that the acts and practices of insurance companies are generally subject to the application of all three.

Myint, 970 S.W.2d at 926. Myint no more acknowledges or endorses a common law bad faith cause of action than Tenn. Code Ann. 56-8-113 does.

Moreover, RPL Partners fails to even acknowledge that Myint has been superceded by statute, to wit, Tenn Code Ann. § 56-8-113. See, Davidoff v. Progressive Hawaii Ins. Co., 2013 WL 124353 at *1 (M.D. Tenn. Jan. 9, 2013) (Myint "was effectively overruled on April 29, 2011 with the enactment of Tenn. Code § 56-8-113"). And it fails to recognize that cases like Leverette, Bowery, Cracker Barrel, Warty, and Fred Simmons Trucking were all decided after Myint.

RPL Partners also relies upon U.S. Bank v. Tennessee Farmers Mut. Ins. Co., 2012 WL

5

5985097 (Tenn. Ct. App. Nov. 29, 2012) which at least obliquely supports its position because the court framed one of the issues as being "[w]hether the trial court erred by concluding that Tennessee recognizes a common law cause of action for bad faith in failing to settle a claim within the limits of the insurance policy[.]'" Id. at *4. While the trial court found that the plaintiff had established such a claim by a preponderance of the evidence, the appellate court "respectfully disagree[d] with the trial court's conclusion that [the insurer's] interpretation of the policy throughout the litigation amounted to bad faith and an unfair act or practice under the TCPA." Id. at *8. This is hardly a clear holding that a common law bad faith claim exists, and cases both pre- and post- U.S. Bank explicitly and directly hold otherwise.

RPL Partners concedes that if there is no common law claim for bad faith, then punitive damages would not be available on that claim, but argues that it can recover punitive damages under its breach of contract claim. However, where the bad faith penalty statute applies punitive damages are not available. See, Heil Co. v. Evanston Ins. Co., 690 F.3d 722, 728 (6th Cir. 2012) (internal citation omitted) ("Tennessee does permit a plaintiff to recover punitive damages for breach of contract, when he or she shows 'fraud, malice, gross negligence, or oppression,' . . . [b]ut Tenn. Code Ann. § 56–7–105 precludes punitive damages here because it provides the exclusive extracontractual remedy for an insurer's bad faith refusal to pay on a policy"); Davidoff, 2013 WL 124353 at *2 (insured could not recover punitive damages under a breach of contract theory because such a request "is barred by Tenn. Code Ann. § 56–7–105"); Fred Simmons Trucking, 2004 WL 2709262 at *5 ("Punitive damages are inappropriate in a case such as this because the statutory penalty is applicable, and also because such damages are not generally awarded in cases of breach of contract").

Finally, with regard to consequential and incidental damages, RPL Partners' only argument opposing dismissal is that the cases relied upon by Westfield, Persian Galleries and Rice v. Van Wagoner Companies, Inc., 738 F. Supp. 252 (M.D. Tenn. 1990) "are pre-Myint cases." (Docket No. 28 at 10). As already explained, however, Myint has been abrogated by statute and, in any event, does not stand for the proposition that an insured can bring a common law bad faith claim against an insurer, let alone recover incidental and consequential damages through such a common law claim.

### III. CONCLUSION

Based upon the foregoing, RLP Partners, LLC's counterclaims for common law bad faith, punitive damages, and consequential and incidental damages will be dismissed.

An appropriate Order will be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE